UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-25491-EGT

BRIAN EVANS,

Plaintiff,

v.

HAMPTON BEACH CASINO BALLROOM, INC.,
HAMPTON BEACH BALLROOM, LLC,
and FRED SCHAAKE,

Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [DE 5]**

Defendants, Hampton Beach Casino Ballroom, Inc., Hampton Beach Ballroom, LLC, and Fred Schaake, pursuant to Rules 8(a) and 12(b) of the Federal Rules of Civil Procedure, respectfully move to dismiss Plaintiff's, Brian Evans, Amended Complaint [DE 5] (the "Complaint").

**INTRODUCTION**

**A. Background**

In peeking into the *inoperative* complaint,[1] this case appears to stem from a lawsuit Plaintiff filed "decades" ago. DE 1 at 2. In the inoperative complaint, Plaintiff alleges that, as a young performer, he appeared at Defendants' Casino Ballroom in Hampton, New Hampshire, where he claims he was assaulted. DE 1 at 2. According to Plaintiff's prior admissions, Plaintiff sued the "Defendants" arising from that incident. DE 1, at 3. The centerpiece of Plaintiff's *instant* lawsuit is the allegation that, after filing that lawsuit, Defendants allegedly told Mr. Steve Levine and Mr. Irving Azoff that Plaintiff "sued the venue" (the "**Statement**"). DE 1 at 3.

Plaintiff contends this Statement was defamatory because it *implied* Plaintiff was "difficult, disloyal, and unworthy of industry support"[2] as well as "unprofessional, litigious, unreliable, and someone who should not be booked."[3] DE 1 at 9, 11. Plaintiff alleges that the Statement damaged his reputation, harmed his business relationships, and caused emotional distress. DE 1 at 11.

Plaintiff filed the Complaint against Hampton Beach Casino Ballroom, Inc., and Fred Schaake on November 24, 2025. DE 1. On December 2, 2025, Plaintiff filed a Notice of Amendment adding Hampton Beach Ballroom, LLC as a defendant but includes no allegations directed at Hampton Beach Ballroom, LLC. DE 5. Indeed, the Amended Complaint, at Docket Entry Number 5, attempts to impermissibly incorporate the allegations under Docket Entry Number 1.

**B. Plaintiff's Claims**

Albeit through the inoperative complaint,[4] Plaintiff, through Docket Entry Number 5, attempts to assert seven causes of action against the Defendants: defamation (Count I); slander (Count II); defamation by implication (Count III); tortious interference with business relations (Count IV); intentional infliction of emotional distress (Count V); negligent infliction of emotional distress (Count VI); punitive damages (Count VII). DE 1 at 10-14.

---

[1] Plaintiff has filed an Amended Complaint at DE 5.
[2] DE 1 at 10.
[3] DE 1 at 11.
[4] *See* DE 1.

The Complaint[5] should be dismissed for the following reasons: **(1)** the Court lacks specific personal jurisdiction over the Defendants; **(2)** there are a myriad of procedural defects with the complaint; and **(3)** the complaint fails to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW

A.  **Legal Standard.**

The Federal Rules of Civil Procedure provide several standards for dismissal applicable to this case including Rule 8(a)(2) and Rules 12(b)(2) and (6). Initially, under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). And "on the assumption that all the allegations are true…," the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* "Threadbare recitals of the elements…supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

1.  **Personal Jurisdiction**

Under Rule 12(b)(2), a defendant may move to dismiss a claim based on a lack of personal jurisdiction. *Schuster v. Carnival Corp.*, No. 10-21879-CIV, 2011 WL 13220428 at *3 (S.D. Fla. Feb. 3, 2011). To survive a motion to dismiss under Rule 12(b)(2), a plaintiff must plead sufficient material facts to establish a *prima facie* case of jurisdiction over the non-resident defendant. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *Wood v. Netflix, Inc.*, No. 8:22-CV-2431-CEH-AAS, 2025 WL 918078, at *5 (M.D. Fla. Mar. 26, 2025). "When a defendant submits an affidavit contesting the basis for personal jurisdiction, the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction." *Moore v. Cecil*, 109 F.4th 1352, 1362 (11th Cir. 2024). "Ultimately then, [plaintiff] must establish by a preponderance of the evidence that the court has jurisdiction over each defendant." *Wood v. Netflix, Inc.*, 2025 WL 918078, at *5. "If the district court makes findings of fact in reaching its personal jurisdiction conclusion," the Eleventh Circuit reviews for clear error. *Moore v. Cecil*, 109 F.4th at 1362.

---

[5] As detailed below in this memorandum of law, it is Defendants' position that the operative pleading is at Docket Entry 5. *See* Local Rule 15.1. However, the prior pleading at Docket Entry Number 1, if found operative, should be dismissed, too.

### 2. Failure to State a Claim

Finally, Rule 12(b)(6) allows a defendant to move to dismiss based on failing to state a cause of action. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Wood v. Netflix, Inc.*, 2025 WL 918078, at *5 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 864 (11th Cir. 2017).

### B. Plaintiff's Complaint Warrants Dismissal Because it is Procedurally Deficient.

#### 1. This Court Does Not Have Specific Personal Jurisdiction over Defendants.

"A federal district court sitting in diversity may exercise personal jurisdiction [over a nonresident defendant] to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Moore v. Cecil*, 109 F.4th at 1362. In Florida, this requires a two-prong analysis: **(1)** whether there are sufficient jurisdictional facts to bring the action within the purview of Florida's long-arm statute; and **(2)** whether sufficient minimum contacts exist between *each* defendant and Florida to satisfy federal constitutional due process requirements. *Sculptchair, Inc. v. Century Arts*, *Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996). As set forth below, Plaintiff failed to satisfy specific personal jurisdiction over the Defendants.

### i.    Plaintiff Does Not Satisfy Florida's Long-Arm Statute.

First, under Florida law, a non-resident defendant is subject to specific personal jurisdiction only if the plaintiff alleges facts bringing the claim within one of the enumerated provisions of section 48.193, Florida Statutes. As relevant here, the statute permits jurisdiction over a non-resident who commits an act outside Florida that causes injury within the state, but only if, at or near the time of the alleged injury, the defendant was engaged in solicitation or service activities in Florida, or the defendant's products were used or consumed in Florida in the ordinary course of commerce. § 48.193(1)(a)(6), Fla. Stat. Importantly, the Plaintiff "must allege a causal connection between the defendant's activities in the forum state and the plaintiff's cause of action." *Wood v. Netflix, Inc.*, 2025 WL 918078, at *11 (citing *Piazenko v. Pier Marine Interiors GMBH*, 314 So. 3d 438, 444 (Fla. 2d DCA 2020)). That statute must be narrowly construed, and a court should decline to exercise jurisdiction if it has doubts about its application in a given case. *See, e.g.*, *Stonepeak Partners, LP v. Tall Towers Capita, LLC*, 231 So. 3d 548, 552 (Fla. 2d DCA 2017) ("The long-arm statute is to be strictly construed in favor of the non-resident defendant.").

Here, Plaintiff fails to meet his initial burden under *Future Tech* by alleging sufficient material facts in the Complaint to show a *prima facie* case of jurisdiction over the Defendants. 218 F.3d at 1249. To be sure, the Complaint is devoid of allegations that *any* Defendant, at the time the alleged Statement was made, was engaged in solicitation or service activities in Florida or that any products, materials, or things associated with each Defendant was used or consumed in Florida within the meaning of the statute. Plaintiff's conclusory allegation that Defendants' conduct caused injury in Florida, standing alone, is insufficient to bring this action within the scope of Florida's long-arm statute. *See Wood v. Netflix, Inc.*, 2025 WL 918078 (granting defendant's motion to dismiss plaintiff's defamation action because the complaint failed to plead sufficient facts to establish personal jurisdiction under Florida's long-arm statute).

Additionally, Plaintiff fails to meet his burden of alleging a "causal connection" between *each* of Plaintiff's causes of action and *each* Defendant's alleged activities with Florida. *See generally* DE 5. Consequently, under *Future Tech*, the burden should not have shifted to the Defendants to refute the applicability of specific jurisdiction. 218 F.3d at 1249.

Nevertheless, the Defendants are prepared to do so. Indeed, neither Hampton Beach Ballroom, LLC nor Fred Schaake have knowingly spoken to anyone in Florida regarding Mr.

Evans. *See* Dec. of Kristin Schaake-Mackinnon ("**Schaake-Mackinnon Decl.**") ¶¶ 7-8, 17; *See* Dec. of Fred Schaake ("**Schaake Decl.**") ¶¶ 15-17. Further, Hampton Beach Casino Ballroom, Inc. has been dissolved since **2010** and has not conducted any business activities since that time. Schaake Decl. ¶ 4. Schaake is unaware of activities by Hampton Beach Casino Ballroom, Inc. that were directed towards Florida, and presumably Plaintiff cannot proffer anything showing Hampton Beach Casino Ballroom, Inc. communicated with anyone in Florida, which relate to the alleged at-issue Statement. Schaake Decl. ¶ 5.

At bottom, Plaintiff fails to allege any facts demonstrating the Statement had *any* connection to any business activities in Florida. In *Samsung SDI Co., Ltd. v. Fields*, the plaintiff alleged that a defect in the defendant's battery caused his vaping device to explode, and the company admitted that it sold batteries in Florida, including the type of battery used in his device. 346 So. 3d 102, 104 (Fla. 1st DCA 2022). Even so, the appellate court reasoned that the plaintiff's cause of action did not arise from the defendant's conduct because it sold the type of battery at issue only to a limited-purpose customer in "bundled packs" rather than as individual batteries such as those used in plaintiff's device. *Id.* at 106. The court thus held that the plaintiff "failed to connect his injury to Samsung's business activities in Florida." *Id.*

The same conclusion should follow here. There is no causal connection between Plaintiff's claims and Defendants' activities in Florida. Plaintiff's conclusory allegation that Defendants' conduct caused injury in Florida, standing alone, is insufficient to bring this action within the scope of Florida's long-arm statute. *See Future Tech*, 218 F.3d at 1249 (holding that the plaintiff has the burden to plead sufficient material facts to establish the basis for exercise of specific personal jurisdiction before the burden shifts to defendant to make a prima facie showing of the inapplicability of the statute). As such, Plaintiff fails to satisfy the first prong of the jurisdictional analysis over each Defendant, and the Complaint should therefore be dismissed under Rule 12(b)(2).

> ii. **Defendants Do Not Have Minimum Contacts with Florida to Satisfy Constitutional Due Process Requirements.**

Although the court need not conduct a due process analysis when the plaintiff fails to satisfy the initial step of the personal jurisdiction inquiry, Defendants address it here for completeness and to demonstrate that jurisdiction would still be improper even under that framework. *See Wood v. Netflix, Inc.*, 2025 WL 918078, at *13; *Posner v. Essex Ins. Co.*, 178 F.3d

1209, 1214 (11th Cir. 1999). To determine sufficient minimum contacts, the Eleventh Circuit applies a three-part due process test, which examines: **(1)** whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; **(2)** whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and **(3)** whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton Malletier*, *S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citation omitted). The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, "a defendant must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)).

### 1.  *Plaintiff's Claims Do Not "Arise Out of or Relate to" Any Florida Contacts.*

Under the first prong, Plaintiff must show a "direct causal relationship between the defendant, the forum, and the litigation." *Louis Vuitton Malletier*, 736 F.3d at 1355-56. Moreover, "a tort 'arise[s] out of or relate[s] to' the defendant's activity in a state only if the activity is a 'but-for' cause of the tort." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1314 (11th Cir. 2018) (citation omitted). As discussed above, Plaintiff fails to show any causal relationship between Defendants' activities and Plaintiff's causes of action. *See supra* § B.1.(i). Not only is Plaintiff's Complaint silent on any facts that links the alleged Statement – *"that Plaintiff sued the venue"* – with the State of Florida, but Plaintiff's Amended Complaint contains no allegations whatsoever. *See generally* DE 5. Plaintiff therefore fails to satisfy the first prong of the due process analysis.

### 2.  *Defendants Did Not Purposefully Avail Themselves of the Privilege of Conducting Activities in Florida.*

In intentional tort cases, there are two applicable tests for determining whether purposeful availment occurred. First, courts may apply the "effects test." *See Calder v. Jones*. 465 U.S. 783, 788-89 (1984); *Louis Vuitton Malletier*, 736 F.3d at 1356. Second, courts may apply the traditional minimum contacts test. Plaintiff fails to satisfy both tests.

#### a.  The *Calder* "Effects Test" is Not Satisfied.

Under *Calder*, personal jurisdiction may be exercised where a defendant commits (1) an intentional act; (2) expressly aimed at the forum state; (3) that caused harm that the defendant should have anticipated would be suffered in the forum state. *Calder,* 465 U.S. at 788-89. In

conducting this analysis, the court must consider whether the defendant's alleged conduct creates a substantial connection with the forum state. *See Walden v. Fiore*, 571 U.S. 277 (2014).

Here, Plaintiff fails to satisfy the *Calder* standard because Plaintiff cannot show Defendants made any statement about Plaintiff, which was directed towards Florida. As discussed above, Hampton Beach Ballroom's business activities are focused on leasing property in New Hampshire and holding the liquor license for the sale of food and drinks *on-site* in New Hampshire at the Hampton Beach Casino Ballroom. Schaake-Mackinnon Decl ¶¶ 5, 11, 14. Likewise, Mr. Levine calling Schaake occurred approximately 30 years ago, and Schaake believes that phone conversation took place between New Hampshire and California. Schaake Decl. ¶ 12. Moreover, Hampton Beach Casino Ballroom, Inc. is an inactive corporation, since 2010, and Plaintiff cannot show that Hampton Beach Casino Ballroom, Inc. made any statement about Plaintiff, which was directed towards Florida. Schaake Decl. ¶ 4. In sum, the Complaint is utterly devoid of any allegations that Defendants told anyone *in Florida* "that Plaintiff had sued the venue". Accordingly, the "effects test" does not support the exercise of personal jurisdiction in this case.

### b. **The Minimum Contacts Test is Not Satisfied.**

Under the minimum contacts test, the court assess "the nonresident defendant's contacts with the forum state and ask whether those contacts: (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton Malletier,* 736 F.3d at 1357 (citing *S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997)). "In performing this analysis, we identify all contacts between a nonresident defendant and a forum state and ask whether, individually or collectively, those contacts satisfy these criteria." *Id*.

*First*, as discussed above, Plaintiff cannot show that the Defendants have activities with Florida which relate to the at-issue Statement. Thus, Plaintiff fails the minimum contacts test. *Id.*

Plaintiff attempts to satisfy the minimum-contacts requirement by alleging that, through their websites, Defendants: (1) sell tickets nationwide; (2) distribute marketing communications; (3) solicit consumers in Florida; (4) engage in interstate business transactions; and (5) maintain a continuous commercial presence through the internet. DE 1 at 6. These generalized allegations are insufficient to establish specific personal jurisdiction because the Statement has no nexus with

these alleged actions. Accordingly, Plaintiff fails to satisfy the requirement that his claims "arise out of or relate to" Defendants' contacts with Florida.

*Second*, Plaintiff also cannot show purposeful availment. Under this analysis, Plaintiff's claims must relate to Defendants' collective actions aimed at Florida. *See Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1276 (11th Cir. 2022). Here, Hampton Beach Ballroom, LLC does not conduct any advertising, which relate to the Statement. Schaake-Mackinnon Decl. ¶¶ 8, 15, 17; Schaake Decl. ¶¶ 5, 11-17. In sum, Plaintiff cannot show that Defendants directed anything towards Florida to establish minimum contacts. *Estate of Fraser v. Smith*, No. 04-22191-CIV, 2007 WL 5007084, at *7–8 (S.D. Fla. Nov. 13, 2007) (holding that a website that sought business from the entire United States and allowed prospective customers to contact the defendant was not "manifestly intended to target Florida," and subjecting defendant to personal jurisdiction was inappropriate).

In sum, Plaintiff has failed to establish that Defendants have sufficient minimum contacts with Florida, and the exercise of specific personal jurisdiction would therefore violate due process.

### 3. *Exercising Jurisdiction Would Not Comport with Fair Play and Substantial Justice.*

Because Plaintiff fails to establish the first two prongs of the due process analysis, the Court is not required to reach the third. *See Louis Vuitton Malletier*, 736 F.3d at 1355 (holding that the plaintiff bears the burden of establishing the first two prongs). Nevertheless, exercising jurisdiction over New Hampshire-based Defendants in Florida would be unreasonable and inconsistent with traditional notions of fair play and substantial justice. In this analysis, the Court considers "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Id.* at 1358 (internal quotations omitted).

First, the burden on Defendants would be substantial. Hampton Beach Ballroom, LLC is a New Hampshire-based entity with no meaningful presence in Florida, and any witnesses or evidence relevant to the alleged conduct would necessarily be located outside Florida. Schaake-Mackinnon Decl. ¶¶ 4-8. Likewise, the burden on Schaake would be substantial. Schaake is a New Hampshire-based resident with no meaningful presence in Florida. Schaake Decl. ¶ 1. Finally, Hampton Beach Casino Ballroom, Inc. is no longer operational, nor has it operated since 2010.

Schaake Decl. ¶ 4. Accordingly, any witnesses or evidence relevant to the alleged conduct would necessarily be located outside Florida.

In sum, Florida has minimal interest in adjudicating a dispute involving nonresident defendants and conduct that occurred entirely outside the state. Plaintiff's interest in convenient and effective relief does not outweigh these considerations, as Plaintiff may attempt to pursue his claims in a forum with a direct connection to the alleged conduct. Finally, the judicial system's interest in efficient resolution weighs against litigating this matter in Florida, where doing so would require transporting evidence and witnesses from another jurisdiction. Thus, Plaintiff has failed to establish that this Court has personal jurisdiction over the Defendants.

### 2. The Amended Complaint [DE 5] Is Procedurally Improper.

#### i. The Amended Complaint Violates Local Rule 15.1.

Local Rule 15.1 requires that any amended pleading be complete in itself and not incorporate by reference any prior pleading. The amended complaint filed as DE 5 fails to comply with this rule because it does not set forth any causes of action independently. Instead, it improperly attempts to incorporate the original complaint [DE 1] by reference. This is impermissible because an amended complaint supersedes the original complaint and renders it inoperative. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned and no longer a part of the pleader's averments against his adversary."); *Harrington v. Veritext, LLC*, No. 24-CV-22787, 2024 WL 4678929, at *2 (S.D. Fla. Nov. 4, 2024) (same). Accordingly, the Complaint should be dismissed.

#### ii. The Amended Complaint Does Not Include any Factual Allegations.

Moreover, an amended complaint must include all factual allegations and claims for relief within the four corners of the document. However, Docket Entry Number 5, which is Plaintiff's Amended Complaint, fails to do so. It does not state any claims or causes of action and instead relies entirely on the prior complaint [DE 1]. This omission violates both the Federal Rules of Civil Procedure and the local rules governing amended pleadings. Because Docket Entry Number 5 does not provide a legally sufficient statement of claims, it should be dismissed. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the original pleadings were abandoned

by the amendment, rendering the first complaint a legal nullity); *West v. Schultz*, No. 22-11541, 2025 WL 3123674, at *9 (11th Cir. Nov. 7, 2025) (holding that Plaintiff's first amended complaint became a "legal nullity" after it was amended); *Sequeira v. Republic of Nicaragua*, 815 Fed. Appx. 345, 351 (11th Cir. 2020) ("Thus, the allegations in an initial pleading are abandoned and 'no longer a part of the pleader's averments' once an amended pleading has been filed.").

      **iii.** ***Arguendo* the Complaint at DE 1 is the Operative Pleading, the Complaint is a Shotgun Pleading and Should Be Dismissed.**

Rule 8(a)(2) provides, in relevant part, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). Rule 10(b) of the Federal Rules of Civil Procedure provides that "a party must state its claims [ ] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Plaintiff fails to comply with the pleading requirements set out by both Rule 8(a)(2) and Rule 10(b) of the Federal Rules of Civil Procedure which serve to prevent shotgun pleadings.

Indeed, the Eleventh Circuit consistently holds that shotgun complaints are altogether impermissible. *Vargas v. Lincare, Inc.*, 134 F.4th 1150, 1155 (11th Cir. 2025); *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). A shotgun pleading is one that fails to give defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). One type is "a complaint that [is] ... replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. Another "type of shotgun pleading is one that ... [does] not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. While *pro se* pleadings are construed liberally and held to a less stringent standard than those drafted by attorneys,[6] the Court nevertheless has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018).

Here, Plaintiff's Complaint constitutes an impermissible shotgun pleading. It relies on conclusory allegations, commingles multiple theories of liability, and repeatedly lumps Defendants together without specifying which Defendant is responsible for which alleged conduct. The

---

[6] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Complaint fails to include numbered paragraphs as required by Rule 10(b) and does not tie specific facts to the elements of each cause of action. Instead, it presents a vague narrative supported by broad legal arguments and a series of cases cited for conclusory assertions. This results in a disorganized pleading filled with speculative claims and self-serving commentary, forcing Defendants to guess which allegations support each individual claim.

Moreover, Plaintiff's Complaint asserts claims, including defamation, slander, defamation by implication, tortious interference with business relations, intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages, but fails to provide factual support for each, and fails to explain what conduct by each Defendant pertains to each cause of action. As a result, the Defendants are left to guess which facts purportedly support which claims (and against which Defendants), in violation of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. *See Weiland*, 792 F.3d at 1323. Thus, this complaint does not give notice to the Defendants of the claims against them and the grounds upon which each claim rests. Federal courts condemn such pleadings for precisely this reason. *See Weiland*, 792 F.3d at 1321-23.

Accordingly, dismissal of the Complaint is warranted.

**C.   Alternatively, the Complaint [DE 1] Warrants Dismissal *With Prejudice* Because it Fails to State a Claim.**

While the Complaint is procedurally defective as discussed above, it is also independently and fatally flawed on the merits. As set forth below, the Complaint fails to state any claim upon which relief can be granted, and asserts causes of action that are barred as a matter of law. Because these defects are substantive rather than curable pleading errors, dismissal with prejudice is warranted, and Plaintiff should not be afforded an opportunity to amend.

**1.   Plaintiff Fails to State a Claim for Defamation, Slander and Defamation by Implication. (Counts I, II and III).**

Under Florida law, defamation is generally defined as "the unprivileged publication of false statements which naturally and proximately result in injury to another." *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973). Defamation includes slander, which is confined to spoken defamatory words. *Mac Isaac v. Twitter, Inc.*, 557 F. Supp. 3d 1251, 1257, n.4 (S.D. Fla. 2021); *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378, n.11 (S.D. Fla. 2006); *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999). To state a claim for defamation, a plaintiff must plausibly allege the following five elements: **(1)** publication; **(2)** falsity; **(3)** the defendant acted

with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; **(4)** actual damages; and **(5)** the statement must be defamatory. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). "Defamation by implication arises, not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts...." *Id.*

However, enshrined in the First Amendment is the protection that a true or substantially true statement cannot support a defamation claim. *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) ("True statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment."). "Under Florida law, a defendant publishes a 'pure opinion' when the defendant makes a comment or opinion based on facts which are set forth in the publication or which are otherwise known or available to the reader or listener as a member of the public. *Id.* "All of the protections of defamation law that are afforded to the media and private defendants are [ ] extended to the tort of defamation by implication." *Jews For Jesus, Inc.*, 997 So.2d at 1108; *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1254–55 (S.D. Fla. 2014), aff'd (Feb. 17, 2015).

Here, Plaintiff fails to plausibly allege the elements of defamation. As a threshold matter, whether a statement is susceptible to a defamatory interpretation is a question of law for the Court. *Turner v. Wells*, 198 F. Supp. 3d 1355, 1365 (S.D. Fla. 2016). In making that determination, the Court examines the "gist" of the challenged statement and the context in which it was made, considering all of the words used rather than isolating a particular phrase. *Jews For Jesus*, 997 So. 2d at 1107–08, n.12; *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983). When communication cannot reasonably be read as defamatory, dismissal at the pleading stage is appropriate. *Rubin v. U.S. News & World Report, Inc.*, 271 F.3d 1305, 1306 (11th Cir. 2001).

Here, Plaintiff fails to allege a false statement. Plaintiff alleges that Defendants stated he "sued the venue" which, based on Plaintiff's admissions in his Complaint, is true. *See, e.g.*, DE 1 at 10. Thus, a true statement cannot form the basis of a defamation action. *Turner*, 879 F.3d at 1262. Moreover, a statement that an individual filed a lawsuit does not tend to subject that individual to hatred, ridicule, or contempt, nor does it injure the individual in his profession or occupation. Plaintiff's conclusory assertion that the statement implies he is "litigious" reflects a

subjective interpretation rather than a defamatory meaning arising from the statement's gist or context and should be disregarded as conclusory. DE 1 at 9.

Plaintiff also fails to plead publication with the requisite specificity. A defamatory statement is not actionable unless it is published or communicated to a third person. *Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007). To state a claim, a plaintiff must allege, at minimum, the identity of the publisher, the substance of the statement, the time frame of publication, and the identity of the person to whom the statement was made with reasonable certainty. *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012); *Ward v. Triple Canopy, Inc.*, No. 8:17-CV-802-T-24 MAP, 2017 WL 3149431, at *34 (M.D. Fla. July 25, 2017). Here, Plaintiff fails to allege any time frame of publication. The only time frame referenced is an alleged "decades-long campaign to destroy [Plaintiff's] professional reputation." DE 1 at 2. And although Plaintiff identifies Steve Levine and Irving Azoff as the alleged recipients of the statements, the Complaint does not identify who actually made them. Plaintiff alternates between attributing the statements to Fred Schaake and to "Defendants" collectively. DE 1 at 3, 10. The failure to allege that a specific defendant personally published or communicated a defamatory statement is fatal to a defamation claim. *See Five for Entm't S.A. v. Rodriguez*, 2013 WL 4433420, at *6 (S.D. Fla. Aug. 15, 2013).

Plaintiff's slander claim fails for the same reasons. *See Mac Isaac v. Twitter*, 557 F. Supp. 3d at 1257 n.4 ("Defamation includes slander, which is confined to spoken defamatory words.") Although Plaintiff alleges the statements were made orally, he does not plead a false statement of fact or one capable of defamatory meaning. Nor does Plaintiff specifically allege the identity of the speaker and the time or place of any alleged statement. A conclusory allegation that Defendants "began telling key entertainment industry professionals" is insufficient to plead publication of an oral statement. DE 1 at 3.

Plaintiff's defamation-by-implication theory likewise fails. Defamation by implication arises only where a defendant juxtaposes facts or omits material information so as to create a false and defamatory implication. *Jews For Jesus*, 997 So. 2d at 1106-08 (explaining that liability attaches to a defendant who has the details right but the "gist" wrong). "Whether the defendant's statements constitute defamation by implication is a question law for the court to determine." *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018). "Whether the publication is defamatory

becomes an issue of fact for the jury only where the publication is susceptible of two reasonable interpretations, one of which is defamatory." *Id.*

Here, the Court should dispose the theory of defamation by implication in that the Statement is not susceptible to the "gist" that Plaintiff is "difficult, disloyal, and unworthy of industry support"[7] as well as "unprofessional, litigious, unreliable, and someone who should not be booked."[8]

"But even if the statements are defamatory by implication, a defendant is still protected from suit if his statements qualify as an opinion[.]" *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018); *See Jews For Jesus*, 997 So.2d at 1108 ("All of the protections of defamation law that are afforded to . . . private defendants are [ ] extended to the tort of defamation by implication.").

Accordingly, here, even if Defendants intended to imply such statements, they are fully protected under the First Amendment as "pure opinion." *Turner*, 879 F. 3d at 1262 (affirming Rule 12(b)(6) dismissal). This Court should do the same as the *Turner* court and hold that the First Amendment protects these statements as non-actionable opinions. Because Plaintiff fails to plead the elements of Counts I, II and III, dismissal with prejudice is warranted.

**2. Plaintiff Fails to State a Claim for Tortious Interference with Business Relations (Count IV), Intentional Infliction of Emotional Distress (Count V), Negligent Infliction of Emotional Distress (Count VI) and Punitive Damages (Count VII).**

Florida's single publication/single action rule bars claims based on underlying facts for what is essentially the same defamatory publication or event. *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014), *aff'd* (Feb. 17, 2015). "The rule is designed to prevent plaintiffs from circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm." *Id.* "Pursuant to the rule, courts dismiss concurrent counts for related torts based on the same publication and underlying facts as the failed defamation count." *Id.* (citing *Fridovich v. Fridovich,* 598 So.2d 65, 70 (Fla.1992)) ("The successful invocation of a defamation privilege will preclude a cause of action for intentional infliction of emotional distress if the sole basis for the latter cause of action is the defamatory publication.") (cleaned up).

---

[7] DE 1 at 10.
[8] DE 1 at 11.

Here, because Plaintiff's remaining tort claim for tortious interference with business relations, intentional infliction of emotional distress, negligent infliction of emotional distress and punitive damages arise from the same allegedly defamatory statements identified in Plaintiff's defamation claims, *see* DE 1, at p. 10, these tort claims also fail for the same reasons Plaintiff's defamation claims fail. *Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. 4th DCA 2002) ("if the defamation count fails, the other counts based on the same publication must also fail as well because the same privileges and defenses apply"). Thus, the Court should dismiss Counts Four through Seven for the same reasons as the defamation counts.

      **i.**      **Plaintiff Fails to State a Claim for Tortious Interference with Business Relations. (Count IV)**

In Florida, the elements of tortious interference are "(1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." *Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001). In considering the element of causation, Florida courts have held that the plaintiff must plead and prove that the defendant manifested a specific intent to interfere with the business relationship. *See Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.*, 832 So.2d 810, 814 (Fla. 2d DCA 2002). Thus, even if the defendant is aware of the existing business relationship, the defendant will not be liable for tortious interference with that relationship unless the defendant intended to procure a breach of the contract. *See Chicago Title Ins. Co.*, 832 So.2d at 814; *see also Deane v. Johnston*, 104 So.2d 3, 8 (Fla. 1958) ("Intent in the law of torts means that the actor acts for the purpose of causing an invasion of another's interest....").

Here, Plaintiff failed to sufficiently allege the existence of a business relationship that affords him existing or prospective legal rights. Plaintiff simply alleges that he "had longstanding business relationships with agents, promoters, and venues" and that Defendants' comments interfered with those relationships. DE1 at 13. Plaintiff failed to allege that Defendants knew of the alleged relationships or that Defendants manifested a specific intent to interfere with those relationships. Consequently, it is impossible for Defendants to have interfered with any alleged contractual relationship without knowledge of such relationships. As a result, Plaintiff has failed to state a claim for tortious interference with a business relationship because (1) Plaintiff has not

established the existence of a business relationship that affords the plaintiff any legal rights; (2) Plaintiff has not established facts that show Defendants' actual knowledge of the alleged business relationships; and/or (3) Plaintiff has not alleged any facts that show that Defendants influenced, induced, or coerced a third-party to breach their alleged contractual relationship with Plaintiff. *See Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc.*, 262 F.3d 1152, 1156 (11th Cir. 2001). Thus, Count IV should be dismissed.

### ii. Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress. (Count V)

The elements of a claim of intentional infliction of emotional distress are: (1) [t]he wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) [t]he conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) [t]he conduct caused emotional distress; and (4) [t]he emotional distress was severe. *Klayman*, 22 F. Supp. 3d at 1256. "Outrageous" conduct is that which "goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community." *Parkey v. Carter*, 702 F. Supp. 3d 1253, 1259 (S.D. Fla. 2023) (citing *Rubio v. Lopez*, 445 F. App'x 170, 175 (11th Cir. 2011)).

Plaintiff fails to state a claim for intentional infliction of emotional distress. Even accepting the allegations as true, the Complaint does not allege conduct that approaches the exceedingly high standard of "outrageousness" required under Florida law. The alleged statement that Plaintiff "sued the venue" is, at most, a commonplace remark and does not rise to conduct that goes "beyond all possible bounds of decency" or is "atrocious and utterly intolerable in a civilized community." *Klayman*, 22 F. Supp. 3d at 1256; *Parkey*, 702 F. Supp. 3d at 1259. Nor does Plaintiff allege facts showing that Defendants acted intentionally or recklessly to cause severe emotional distress. Plaintiff's conclusory assertion that Defendants "retaliated" against him for "decades" is unsupported by factual allegations. DE 1 at 6, 13. Absent well-pleaded facts establishing outrageous conduct and severe emotional distress causally connected to that conduct, Plaintiff fails to state a claim for intentional infliction of emotional distress, and Count V must be dismissed.

### iii. Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress. (Count VI)

Plaintiff fails to state a claim for negligent infliction of emotional distress ("NIED"). Under Florida law, an NIED claim requires a well-pleaded underlying claim of negligence. *Parkey*, 702 F. Supp. 3d at 1262 (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)). It also requires factual allegations showing that the plaintiff suffered emotional harm caused by the defendant's negligent conduct. *Id*. Here, Plaintiff does not plead an underlying negligence claim. Although Plaintiff makes the conclusory allegation that Defendants owed a duty to refrain from making "false or misleading statements," Plaintiff does not allege negligent conduct, identify a breach grounded in negligence, or plead facts establishing causation between any negligent act and emotional harm. DE 1 at 14. Therefore, Plaintiff fails to state a claim for negligent infliction of emotional distress, and Count VI must be dismissed.

### CONCLUSION

Defendants' Motion to Dismiss should be granted. Plaintiff cannot establish specific personal jurisdiction over the Defendants. Nor does Plaintiff's Complaint comply with procedural rules. Finally, Plaintiff's causes of action each fail. Accordingly, dismissal with prejudice is warranted.

Dated January 5, 2026

Respectfully,

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendants*
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: 786-350-5332
Facsimile: 305-373-2294
Primary e-mail: justin.maya@csklegal.com
Secondary e-mail: carmen.lechin@csklegal.com

By: */s/ Justin S. Maya*
JUSTIN S. MAYA
Florida Bar No.: 126087
CARMEN M. LECHIN
Florida Bar No.: 1068847

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 5th day of January, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to Plaintiff at belasvegas@yahoo.com.

          **COLE, SCOTT & KISSANE, P.A.**
          *Counsel for Defendants*
          9150 South Dadeland Boulevard
          Suite 1400
          Miami, Florida 33156
          Telephone: 786-350-5332
          Facsimile: 305-373-2294
          Primary e-mail: justin.maya@csklegal.com
          Secondary e-mail: carmen.lechin@csklegal.com

By: */s/ Justin S. Maya*
          JUSTIN S. MAYA
          Florida Bar No.: 126087
          CARMEN M. LECHIN
          Florida Bar No.: 1068847